*H. W. Harrington*, for appellant.

*C. E. Walker*, for appellees.

---

MARK and Another *v.* THE ÆTNA INSURANCE COMPANY.

INSURANCE.—POLICY CONSTRUED.—An open or running policy of insurance contained a stipulation that it should not cover a loss "accrued at the time of the entry, or indorsement, caused by any gale, disaster by explosion, fire, or otherwise, which occurrence might be known to the applicant, the public, or the company, at the time of such application being made, whether such property was known to be involved thereby or not, without such contingency is expressly provided for, in writing, on the policy." At the time of the indorsement of a risk upon certain property shipped from *Evansville* to *New Orleans*, it was known to the insured and the company that a certain steam boat had been lost by explosion, but it was not known to either that the property insured had been shipped upon that boat, nor was that contingency provided for in the policy.
*Held*, that the loss was not covered by the policy.

APPEAL from the *Vanderburgh* Circuit Court.

ELLIOTT, J.—*Mark* and *Warren*, the appellants, sued the *Ætna Insurance Company*, of *Hartford, Connecticut*, on a policy of insurance. The complaint contains two paragraphs,

to each of which the defendant filed a separate answer. The court overruled a demurrer to the second paragraph of the answer to each paragraph of the complaint; and the plaintiffs declining to either amend the complaint or reply to the answer, final judgment was rendered for the defendants. It is urged here that the court erred in overruling the demurrer to the second paragraph of the answer to the second paragraph of the complaint. This is the only error assigned.

The policy sued on is dated *March* 9th, 1865, and is an open or "running policy," and contains the stipulation that said insurance company "do cause to be insured *Mark & Warren*, of *Evansville*, *Indiana*, for account of whom it may concern, in such sums, and upon property shipped from ports or places by such conveyances as will appear more particularly by indorsement in the book attached hereto, and signed by *J. W. Vexsen*, Agent."

On the 25th of *January*, 1866, the plaintiffs delivered to the *Adams Express Company* $1,505 in gold and $80 in currency, at *Evansville*, *Indiana*, directed to *P. G. O'Reilley*, *New Orleans*, *Louisiana*. On the 6th of *February*, 1866, the plaintiffs caused an entry of this shipment to be made in the book attached to the policy of insurance, and signed by *J. W. Vexsen*, agent, in which entry the "greenback" value of the gold and currency is stated at $2,787; that it was shipped by the *Adams Express Company*, *via* the *Ohio* and *Mississippi* rivers, the name of the vessel being unknown.

The second paragraph of the complaint, after stating the issuing of the policy to the appellants, and the delivery of the things insured to the express company for transmission, and the indorsement of that fact by the proper agent of the appellee, avers that the gold and currency insured were placed by the express company on board the steamboat *W. R. Carter*; and that while the boat was on her way to *New Orleans*, upon the *Mississippi* river, having on board said gold and currency, of which the appellants were the owners, the boat accidentally blew up and sank, and that

the things so insured were lost to the appellants; by reason of the perils insured against, and that they thereby suffered loss and damage to $2,708, concluding with an averment that the appellants had complied with and performed all the stipulations of the policy, on their part to be performed, except such as were waived by the appellee. The answer to the paragraph is substantially this : That it was agreed in the policy that it did not cover a loss or damage "accrued at the time of the entry, or indorsement, caused by any gale, disaster by explosion, fire, or otherwise, which occurrence might be known to the applicant, the public or the company, at the time of such application being made, whether such property was known to be involved thereby or not, without such contingency is expressly provided for, in writing, on this policy." And it is then averred that the boat had exploded her boilers, and had sunk in the river several days previous to the application of the appellants for the insurance, and that at the time of the application, to-wit., the 6th day of *February*, 1866, the explosion and sinking of the boat were well known to the appellants, to the public, and to the appellee, and that no such contingency was provided for in writing upon said policy, and that by reason thereof said policy, so far as the gold and bank notes were concerned, was null and void.

It is argued on behalf of the appellants, "that as neither they nor the appellees knew, or had been informed in any way that the express company had shipped the money by the boat *W. R. Carter*, the fact that the *Carter* had exploded and sunk, however notorious it might have been to the parties and the public at the time of the application for insurance, was not such knowledge as should entitle the appellee to the exemption claimed. In other words, that occurrence, though known, did not bring the appellants within the spirit, and meaning of the excepted risks enumerated in the agreement; and if this be true, no such special indorsement as the clause on that subject requires was necessary to a recovery in the action, and

the demurrer to the second paragraph of the answer should therefore have been sustained.

In support of this position, it is argued that as the risk was not taken, or sought to be taken, on money being carried, in particular, upon the *W. R. Carter,* but upon some vessel, the name of which was unknown, and being unknown, the name was therefore expressly waived, at the inception of the risk, and the name being so waived, the loss is not within the exception provided for in the policy, and hence that the loss of the *Carter* a few days previous, and a knowledge of such loss, does not affect the right of the appellants to recover.

Do the facts alleged in the answer bring the case within the exception contained in the policy ? It is averred in the answer, and admitted by the demurrer, that the *Carter* had exploded her boiler and sunk in the river several days previous to the time of the entry of the risk, and that at the time of the entry, *February* 6th, 1866, the explosion and sinking of the boat were well known to the appellants, to the public, and to the appellee. The language of the exception is, that the policy does not cover a loss or damage " accrued at the time of the entry or indorsement, caused by any gale, disaster by explosion, fire, or otherwise, which occurrence might be known to the applicant, the public, or the company, at the time of such application being made, whether such property was known to be involved thereby or not, without such contingency is expressly provided for in writing on this policy." Here, the loss occurred by the explosion and sinking of the *Carter,* on which the money was being carried, which occurrence was known to the appellants before the application for the insurance was made, but they did not then know that the loss of the money was involved thereby, because they were not aware at that time of the fact that it had been forwarded by the express company to *New Orleans* by that boat, yet they knew that it had been forwarded by some vessel running on the *Ohio* and *Mississippi* rivers, and

therefore that it might have been, as in fact it was, by the *Carter*. The facts alleged seem to bring the case within the very letter and spirit of the exception. The object of the exception evidently was to guard against frauds in such cases, by excepting from the operation of the policy all losses which actually occurred before the date of the application, where the gale, explosion, or other event causing such loss might have been known to the parties or public at the time of the application, and that, too, although it might not be known at the time that such event involved the loss or injury of the property insured, and such is this case. It was held in *Grant v. The Lexington &c. Insurance Co.*, 5 Ind. 23, that exceptions are to be strictly construed against underwriters. Conceding the justice of this rule, still a strict construction cannot deny to the language of the exception the meaning which the words used plainly and clearly import. Indeed, it is the purpose of strict construction to confine the meaning to the plain and direct import of the language used. Applying this rule to the exception under consideration, and yet we think the facts alleged in the answer bring the case clearly within it, and constitute a good bar to the action. The demurrer to the answer was properly overruled, and the judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*J. Morrison*, for appellants.

*A. G. Porter*, *B. Harrison* and *W. P. Fishback*, for appellee.